**W. L. MITCHELL**

v.

**READING & BATES EXPLORATION COMPANY.**

**No. 934.**

United States District Court
E. D. Texas,
Beaumont Division.
March 15, 1965.

W. A. Combs, Houston, Tex., for libellant.

E. D. Vickery Royston, Rayzor & Cook, Houston, Tex., for respondents.

FISHER, District Judge.

This is an admiralty action having been tried by the Court without the intervention of a jury and the Court having considered the evidence, argument of counsel, and the applicable law to the facts presented, made certain observations and comments.[1] The parties were given a reasonable length of time to file briefs; and on January 21, 1963,

---

1. " We believe that the Respondent is responsible for the accident and liable in damages to the Libellant.

"We feel that the Libellant is somewhat contributorily negligent although the amount is not too large in the Court's opinion.

"In arriving at the damages we would say that the Libellant is entitled to actual damages for the loss of wages that he has experienced in the past and in all likelihood will experience in the future. We would base his earnings at the amount of $6,000.00 for the purpose of arriving at loss of past earnings and until such time as the Court feels in all reasonable probability he would be able to resume his employment which would be six months from the date of the injury to the knee. In other words, we would allow damages for loss of wages in the past and in the future up to six months from the date on the basis of $6,000.00 per year. We would allow damages, or rather we would allow maintenance, in the amount contended for by the Libellant and the amount of the

medical expenses that has been incurred, plus any medical expenses that might be incurred—well, I don't believe there is any evidence on future medical expenses.

"MR. COMBS: We offered no proof on the future medical expense.

"THE COURT: All right. The Court feels that the Libellant would be entitled to damages in the sum of $20,000.00 for loss of future earnings that will result from his injuries. We do not feel that he is entitled to damages for injuries to his knee except insofar as it will affect him in being able to return to employment within six months from the date.

"There is in the Court's opinion causation between the injury to his knee and the injury to his foot, but we also feel that there is the question of contributory negligence insofar as that injury is concerned, and the Court is not awarding damages for the knee injury other than the damages to which the Libellant is entitled to up to six months from the date, which the Court has found to be the date the Libellant should be able to return

Respondents filed a motion for the Court to reconsider the conclusions made with respect to liability and contributory fault; and after due consideration of the briefs filed by the respective parties in support of and in opposition to said motion; and after due deliberation thereon of all issues presented in said cause, the Court overruled Respondents' Motion to Reconsider and makes, in accordance with the conclusions expressed at the time of trial, the following Findings of Fact and Conclusions of Law in accordance with Supreme Court Admiralty Rule 46½ and Rule 52(a), Federal Rules of Civil Procedure.

## FINDINGS OF FACT

1.

Libellant, W. L. Mitchell, was on November 28, 1963, and now is a resident of the State of Texas, and was injured while working as an ablebodied seaman for Reading & Bates Exploration Company on November 28, 1963.

2.

Respondent, Reading & Bates Exploration Company was and now is a corporation duly organized and existing under and by virtue of law, and was on November 28, 1963, and still is, the owner of the G. L. TEMPLE.

3.

The G. L. TEMPLE was on November 28, 1963, and now is a drilling tender and was on November 28, 1963, situated on the high seas off the coast of Grand Isle, Louisiana.

4.

Libellant, W. L. Mitchell, was injured on November 28, 1963, while assisting in unloading pipe from the M/V BIRCH TIDE onto the G. L. TEMPLE.

5.

The supervision, direction and control of this unloading procedure was entirely by and under employees of Respondent.

6.

Libellant sustained injury on November 28, 1963, when his left foot was impinged between two pipes resulting in the ultimate amputation of the great toe and two lesser toes of his left foot.

7.

Libellant sustained injury to his left knee on August 1, 1964, resulting in the removal of his left kneecap and hospitalization until August 8, 1964.

8.

Libellant will not reach maximum recovery from his knee injury until six months after the date of injury, to-wit: February 1, 1965.

9.

Respondent has made no payments for maintenance and cure occasioned by Libellant's incapacity resulting from his knee injury of August 1, 1964.

## CONCLUSIONS OF LAW

1.

This Court has jurisdiction and venue of the captioned cause.

to gainful employment. The Court further feels that the Libellant should be entitled to the sum of $10,000.00 for pain and suffering, and that the total amount of damages should be diminished and reduced by 20% contributory negligence.

"Now, that will be the judgment of the Court. * * * Are there any questions?"

MR. VICKERY: "It would be of some help to us if the Court would enlighten the Respondent at this time with respect to the basis of the negligence of the Respondent which the Court has found. The court has indicated that he felt that the Respondent was negligent, but did not indicate in what respect it was negligent."

THE COURT: "Well, we feel that it is negligent in not providing a reasonably safe place in which to work, and also in the failure to use the proper care to ascertain that the Libellant was out of danger before moving the crane. I think that would be the basis of the negligence."

**2.**

The accident on November 28, 1963, was caused by Respondent's failure to provide a reasonably safe place in which to work, and also in the failure to use proper care to ascertain that the Libellant was out of danger before moving the crane used in the unloading operation.

**3.**

The accident of November 28, 1963, was contributed to by the negligence of the Libellant in the amount of twenty (20) percent.

**4.**

Libellant's incapacity occasioned by the knee injury of August 1, 1964, was caused and contributed to by the original injury Libellant sustained to his left foot on November 28, 1963, as aforesaid.

**5.**

Libellant is entitled to actual damages for loss of wages based on earnings of $6,000.00 per year until such time as in all reasonable probability he can resume employment, i. e., six (6) months from the date of his knee injury of August 1, 1964.

**6.**

Libellant is not entitled to receive damages for the injury to his knee, but is entitled to medical expenses incurred and also maintenance and cure for incapacity resulting from the knee injury of August 1, 1964, until such time as he reaches maximum recovery. In this instance the Court finds this period to be six (6) months from the date of injury to the knee.

**7.**

Libellant is entitled to damages in the sum of $20,000.00, present cash value, for loss of future earnings.

**8.**

Libellant is entitled to damages in the sum of $10,000.00, present cash value, for pain and suffering.

**9.**

All costs of Court are adjudged against the Respondents. Libellant to submit a form of judgment within fifteen days from this date.